**FILED**
**NOVEMBER 15, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE UNION (INDEPENDENT) PENSION FUND, a Trust, and JACK STEWART, its Fund Manager and one of its Trustees,<br><br>          Plaintiffs,<br><br>  v.<br><br>VANEK, INC., an Illinois Corporation,<br><br>          Defendant. | **07 C 6496**<br><br>**JUDGE NORDBERG**<br>**MAGISTRATE JUDGE DENLOW** |

# COMPLAINT

Plaintiffs, the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund and Jack Stewart, allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of delinquent withdrawal liability payments, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). This Court has jurisdiction over this action under section 4301(c) of ERISA, 29 U.S.C. § 1451(c).

3. Venue lies in this court under section 4301(d) of ERISA, 29 U.S.C. § 1451(d), in that the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund is administered in Chicago, Illinois. This is an action pursuant to section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), as amended, for the collection of delinquent withdrawal liability obligations.

## PARTIES

4. Plaintiff, Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund ("PENSION FUND") is a multiemployer plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3). The plaintiff fund manager, JACK STEWART, is a trustee and a fiduciary of the PENSION FUND.

5. Pursuant to section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1), the plaintiff fund manager is authorized to bring civil actions on behalf of the PENSION FUND, its participants and beneficiaries for the purpose of collecting withdrawal liability.

6. VANEK, INC. ("VANEK") is an Illinois corporation which operated in this judicial district. VANEK is engaged in an industry affecting commerce, as defined by section 301(a) of the LMRA, 29 U.S.C. § 185(a), and is an "employer" as defined by section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## CLAIM FOR RELIEF

7. The PENSION FUND determined that in 2005, VANEK permanently ceased all covered operations and effected a withdrawal as defined in section 4203 of ERISA, 29 U.S.C. § 1383, from the PENSION FUND.

8. By letters dated January 15, January 18, and February 21, 2007, and received by Defendant shortly thereafter, the PENSION FUND notified VANEK of its withdrawal liability and demand for payment in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). This notice and demand notified VANEK that it was required to discharge its liability in a lump sum of $49,807.24 by March 1, 2007, or by making 20 quarterly installment payments of $2,860 commencing on that date followed by a final quarterly payment of $700.57.

9.   VANEK has failed to make the required withdrawal liability payments to the PENSION FUND.

10.  By letter dated June 13, 2007, the PENSION FUND issued a past due notice in accordance with section 4219(c)(5), 29 U.S.C. § 1399(c)(5), notifying VANEK of the consequences of its failure to pay his withdrawal liability assessments. VANEK received that past due notice on June 14, 2007 but did not cure its delinquency within the 60-day statutory period.  A true and correct copy of letter and a copy of the certified mail delivery receipt evidencing delivery are attached to this complaint as Exhibit A.

11. VANEK has failed to make the required withdrawal liability payments to the PENSION FUND and has failed to initiate timely arbitration under section 4221 of ERISA, 29 U.S.C. § 1401 and the governing rules. Consequently, the amount demanded by the PENSION FUND is due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1). After all proper adjustments and credits, VANEK owes the PENSION FUND the principal sum of $44,087.24.

WHEREFORE, Plaintiffs request the following relief:

a) A judgment against Defendant on behalf of Plaintiffs, in the sum of at least $44,087.24,

b) A judgment for the interest at the prime rate per annum,

c) A judgment for liquidated damages in an amount equal to the greater of either interest on the unpaid contributions, or 20% of the unpaid contributions,

d) A judgment for court costs, and reasonable attorneys' fees as required by section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2),

e) An order compelling Defendant to make interim withdrawal liability payments in accordance with the PENSION FUND's notice and demand for payment,

f) That this Court retain jurisdiction of this cause pending compliance with its order, and

g) For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

s/ Thomas J. Angell
One of Plaintiffs' Attorneys

Thomas J. Angell
William W. Leathem
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 327-3437