UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO TRUCK DRIVERS, HELPERS AND )
WAREHOUSE UNION (INDEPENDENT) )
PENSION FUND, a Trust, and JACK )
STEWART, its Fund Manager and one of its )
Trustees, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　Case No. 07 C 6496
　　　　　　　　　　Plaintiffs,　　　　　　)　Judge Nordberg
　　　　　　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
VANEK, INC., an Illinois Corporation,　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant.　　　　　　)

**PLAINTIFF'S MOTION FOR DEFAULT AND DEFAULT JUDGMENT**

Now come Plaintiffs, through counsel, and move the Court pursuant to Fed.R.Civ.P. ("Rule") 55(b) for an order directing the Clerk of the Court to enter a default and default judgment against Defendant, Vanek, Inc. (hereinafter "Vanek"). In support of this Motion, Plaintiffs state as follows:

　　1.　　This is an action, pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(3), as amended, for collection of delinquent withdrawal liability payments, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan. This Court has jurisdiction over this action under section 4301(c) of ERISA, 29 U.S.C. § 1451(c). Plaintiffs filed this action on November 15, 2007.

　　2.　　Plaintiffs personally served Vanek at its place of business with the Summons and Complaint on November 27, 2007. (*See:* Record Document Number 8, filed 11/30/2007)

3. More than twenty (20) days have passed since Vanek was served, and it has not filed an appearance, an answer or otherwise pleaded to the Complaint.

4. The Pension Fund determined that in 2005, Vanek permanently ceased all covered operations and effected a withdrawal as defined in section 4203 of ERISA, 29 U.S.C. § 1383, from the Pension Fund. (Ex. A, ¶ 11)

5. By letters dated January 15, January 18, and February 21, 2007, and received by Defendant shortly thereafter, the Pension Fund notified Vanek of its withdrawal liability and demand for payment in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). (Ex. A, ¶ 13) This notice and demand notified Vanek that it was required to discharge its liability in a lump sum of $49,807.24 by March 1, 2007, or by making 20 quarterly installment payments of $2,860.00 commencing on that date followed by a final quarterly payment of $700.57. (Ex. A, ¶ 14)

6. Vanek failed to make the required withdrawal liability payments to the Pension Fund. (Ex. A, ¶ 15)

7. By letter dated June 13, 2007, the Pension Fund issued a past due notice in accordance with section 4219(c)(5), 29 U.S.C. § 1399(c)(5), notifying Vanek of the consequences of its failure to pay his withdrawal liability assessments. (Ex. A, ¶ 16) Vanek received that past due notice on June 14, 2007 but did not cure its delinquency within the 60-day statutory period. A true and correct copy of letter and a copy of the certified mail delivery receipt evidencing delivery are attached to Exhibit A as Exhibit 1.

8. Vanek failed to make the required withdrawal liability payments to the Pension Fund since September 1, 2007, and has failed to initiate timely arbitration under section 4221 of ERISA, 29 U.S.C. § 1401 and the governing rules. (Ex. A, ¶ 17 - 21) Consequently, the amount demanded by the Pension Fund is due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1). (Ex. A, ¶ 17 - 21) After all proper adjustments and credits, Vanek owes the Pension Fund the principal sum of $41,227.24 (Ex. A, ¶ 22).

WHEREFORE, Plaintiffs request the following relief:

a) A judgment against Defendant on behalf of Plaintiffs, in the sum of at least $41,227.24,

b) A judgment for the interest due in the amount of $783.07 (as of March 12, 2008) (Ex. A, ¶ 22),

c) A judgment for liquidated damages in an amount equal to 20% of the unpaid contributions, $8,245.45, (Ex. A, ¶ 22)

d) A judgment for court costs, and reasonable attorneys' fees in the amount of $3,961.40 as required by section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), (Ex. B, ¶ 8, Affidavit of Attorney M. Garrett Hohimer)

e) An order compelling Defendant to make interim withdrawal liability payments on a quarterly basis in accordance with the Pension Fund's notice and demand for payment,

f) That this Court retain jurisdiction of this cause pending compliance with its order, and

g) For such further or different relief as this Court may deem proper and just. (A Draft Order is attached hereto as Ex. C)


Respectfully submitted,

/s/ M. Garrett Hohimer
One of Plaintiffs' Attorneys

Thomas Angell
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(312) 372-1646

## CERTIFICATE OF SERVICE

I certify that on March 7, 2008, I electronically filed the foregoing MOTION FOR DEFAULT AND DEFAULT JUDGMENT with the Clerk of the court using the CM/ECF system; however, there are no attorneys of record who will be sent electronic notification of such filing.

I certify that on March 7, 2008, I caused a copy of the attached MOTION FOR DEFAULT AND DEFAULT JUDGMENT to be sent by first class mail, postage prepaid, to:

Mr. Michael A. Vanek
President, Vanek, Inc.
3920 South Loomis
Chicago, IL 60609

Mr. Eugene A. Dimonte,
Registered Agent for Vanek, Inc.
216 W. Higgins Road
Park Ridge, IL 60068

/s/ M. Garrett Hohimer

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE UNION (INDEPENDENT) PENSION FUND, a Trust, and JACK STEWART, its Fund Manager and one of its Trustees, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 07 C 6496<br>) Judge Nordberg<br>) |
| v. | )<br>) |
| VANEK, INC., an Illinois Corporation, | )<br>) |
| Defendant. | ) |

### DECLARATION OF PHYLLIS GABRIEL

I, Phyllis Gabriel, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury that the following is true and correct.

1. I have been the Fund Office Supervisor of the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund since April 1994. From October 13, 1986 through March 1994, I was the Supervisor for the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Health and Welfare Fund (f/k/a Health Maintenance Program Fund) and the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Severance Fund; both are separate entities but affiliated with the Fund. I have personal knowledge of the facts set forth in this declaration and I am competent to testify as a witness.

2. The Fund is a multi-employer employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq. The Fund provides pension and disability benefits to eligible participants and their beneficiaries. The Fund is administered by a Board of Trustees and a staff at its sole office in Chicago, Illinois.

3. I am familiar with the operation and administration of the Fund and I regularly attend the meetings of the Fund's Trustees.

4. The Fund's Board of Trustees has equal representation from management and labor. The Board of Trustees is the "plan sponsor" within the meaning of ERISA §§ 3(16)(B)(iii)

and 4001(a)(l), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). The Trustees are authorized to bring civil actions on behalf of the Fund, its participants, and beneficiaries to collect withdrawal liability, pursuant to ERISA §§ 502(a)(3) and 4301(a)(l), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(l).

5. Jack Stewart is one of the Fund's Trustees and is a "fiduciary" as that term is defined in ERISA 3(21)(A), 29 U.S.C. § 1002(21)(A).

6. The Fund is authorized to receive and accept contributions from participating employers pursuant to CBAs, the Fund's Trust Agreements, and federal labor law. The Fund is primarily funded by contributions remitted by participating employers pursuant to negotiated CBAs between employers and the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) ("Union") and, since February 1, 2001, the Teamsters Local Union No. 710 of the IBT. All principal and income from the employer contributions and investment thereof is held and used for the exclusive purpose of providing retirement (pension and disability) benefits to eligible Fund participants and their beneficiaries and dependents, and paying the Fund's administrative expenses.

7. My duties as Fund Office Supervisor include but are not limited to: overseeing the billing and collection of employer contributions owed to the various Funds pursuant to collective bargaining agreements ("CBAs") between various local unions and employers; processing employers' reported employee work history on monthly remittance/contribution reports and the application of the corresponding payments of contributions to the Funds; determining whether employers have effected partial and/or complete withdrawals from the Fund under ERISA; calculating the withdrawal liability of withdrawn employers; issuing notices and demands for payment of withdrawal liability to withdrawn employers and preparing payment schedules; determining whether "trades or businesses" are under "common control", as defined in ERISA, or purposes of assessing withdrawal liability against "controlled groups"; and investigating and advising the Fund's Trustees on issues arising as to an employer's withdrawal liability.

8. The Fund operates on the basis of an employer self-reporting system that requires participating employers to identify those employees for whom contributions are owed, to identify (depending on the particular contract's language) the hours, days, or weeks worked by covered employees, and to pay the corresponding contributions.

9. Under my dominion and control are files for all employers who have been obligated to contribute to and who have contributed to the Fund, and for all employers that have withdrawn from the Fund, including one for Vanek, Inc. ("Vanek").

10. Vanek was subject to collective bargaining agreements ("CBAs") under which Vanek was required to contribute, and did contribute, to the Fund on behalf of employees who performed work covered by the CBAs.

11. The Fund determined that Vanek permanently ceased to have an obligation to contribute to the Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal," as defined in ERISA § 4203, 29 U.S.C. § 1383, from the Fund in 2005.

12. As a result of this complete withdrawal, Vanek incurred withdrawal liability to the Fund, which the Fund determined to be in the amount of $49,807.24, pursuant to ERISA § 4201(b), 29 U.S.C. § 1381(b).

13. By letters dated January 15, January 18, and February 21, 2007, the Fund issued a notice and demand for payment of the withdrawal liability in accordance with ERISA §§ 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1), to Vanek.

14. The notice and demand letters notified the employer that it was required to discharge its withdrawal liability in either a lump sum of $49,807.24 by March 1, 2007, or by making 20 quarterly installment payments of $2,860.00 commencing on that date followed by a final quarterly payment of $700.57.

15. The Fund received the first scheduled payment from Vanek on or before March 1, 2007, but Vanek failed to timely make the June 1, 2007, payment.

16. By letter dated June 13, 2007, the Fund issued a notice to Vanek pursuant to ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payment was past due, and which forewarned Vanek of the consequences of its failure to pay such liability. Ex. 1 hereto is a true, correct, and complete copy of Fund's June 13, 2007 past-due letter to Vanek along with the signed Domestic Return Receipts addressed to Defendant's President and Registered Agent, which was returned to me and maintained in the Fund's files in its ordinary and regular course of business.

17. The Fund received a late payment from Vanek in response to the June 13, 2007 past-due letter. Subsequently, Vanek has failed to make any timely payments in accordance with the notice and demand letters since September 1, 2007. Consequently, Vanek is in default within

the meaning of ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), and the entire amount of withdrawal liability is accelerated and immediately due and owing to the Fund.

18. Pursuant to ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2), the employer is required to request review of a plan's withdrawal liability assessment no later than 90 days after the employer receives the plan's notice and demand for withdrawal liability.

19. The Fund did not receive a request for review from Vanek on or before 90 days after Vanek received the February 21, 2007 notice and demand letter. Further, the Fund has not received a request for review from Vanek at any time prior to this filing.

20. Pursuant to ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1), the employer must initiate arbitration of its withdrawal liability disputes with a plan to preserve those disputes for judicial review. The employer must initiate arbitration within 60 days of the earlier of the date of the response to the request for review or 120 days after the date of the request for review.

21. Vanek did not timely initiate arbitration of the Fund's withdrawal liability assessment pursuant to ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Fund are due and owing pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1).

22. As of March 7, 2008, Vanek owes a principal amount of $41,227.24 (reflecting all due credits), accumulated interest pursuant to the CBA and Pension Fund Trust Documents in the amount of $783.07 (as of March 12, 2007), and liquidated damages pursuant to ERISA and the Pension Fund Trust Documents in the amount of $8,245.45.

Subscribed and Sworn to before me
This 7th day of ~~February~~ March, 2008.

_Phyllis Gabriel_

_Linda A. Fenner_
Notary Public

"OFFICIAL SEAL"
LINDA A. FENNER
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 09/03/2009

# EXHIBIT A-1



**CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT)®**

1645 WEST JACKSON BLVD, SUITE 500
CHICAGO ILLINOIS 60612
(312) 738-3920
(312) 738-3930



**PENSION FUND**

BOARD OF TRUSTEES

*Employee Members*
Jack Stewart
Fred Boudreau
Bernie Sherlock
Tom Daly, Alternate

*Employer Members*
H. Edward Barnicle
William H. Carpenter
John Naughton
John Broderick, Alternate

June 13, 2007

Via 1st Class & Certified Mail 7003-2260-0005-5034-5545
Mr. Michael A. Vanek, President
Vanek, Inc.
3920 South Loomis
Chicago, IL 60609

Dear Mr. Vanek:

On January 18, 2007 the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund Board of Trustees notified you of withdrawal liability assessment under the Employer Retirement Income Security Act ("ERISA"), as amended. The withdrawal liability quarterly payment of $2,860.00 due on June 1, 2007 has not been received. As of June 25, 2007 the amount owed is $2,874.25 including interest, with a daily interest rate of $.57 per day for each day after June 25, 2007.

If said payment with interest is not received within 60 days of receipt of this letter, the Plan will accelerate the indebtedness without further notice or demand and the outstanding withdrawal liability balance, plus interest accrued, will be due and payable. This notice is given pursuant to ERISA section 4219(c)(5).

Sincerely,

*/s/ Jack Stewart*
Jack Stewart
Pension Fund Manager

JS:pjg
c:   Ms. P. Gabriel
     Mr. T. Angell
     Mr. Eugene A. Dimonte, Reg Agent, Certified Mail #7003-2260-0005-5034-5484

Ex A

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here — JUN 1 ? 2007

7003 2260 0005 5034 5545

Mr. Michael A. Vanek, Pres
Vanek, Inc
3920 South Loomis
Chicago, IL 60609

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Michael A. Vanek, Pres
Vanek, Inc
3920 South Loomis
Chicago, IL 60609

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery 6-14-07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7003 2260 0005 5034 5545

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

---

**U.S. POSTAL SERVICE   CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From: CHICAGO TRUCK DRIVERS, HELPERS AND
WAREHOUSE WORKERS UNION
(INDEPENDENT)
1645 W. JACKSON BLVD, SUITE 500
CHICAGO, IL 60612

One piece of ordinary mail addressed to:

Mr. Michael A. Vanek, Pres
Vanek, Inc
3920 South Loomis
Chicago, IL 60609

PS Form 3817, Mar. 1989

PG

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature.<br>X *Karen Henslee* ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) R Gensk,e  C. Date of Delivery 6/19/7<br>D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☒ No |
| 1. Article Addressed to:<br><br>Mr. Eugene A. Dimonte, Reg Agent<br>Vanek, Inc<br>216 West Higgins Road<br>Park Ridge, IL  60068 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7003 2260 0005 5034 5484 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here — NANCY B. JEFFERSON STATION CHICAGO IL — JUN 2007

7003 2260 0005 5034 5484

Mr. Eugene A. Dimonte, Reg Agent
Vanek, Inc
216 West Higgins Road
Park Ridge, IL  60068

---

| U.S. POSTAL SERVICE | CERTIFICATE OF MAILING |
|---|---|
| MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT PROVIDE FOR INSURANCE—POSTMASTER | |

Received From CHICAGO TRUCK DRIVERS, HELPERS AND
WAREHOUSE WORKERS UNION
(INDEPENDENT)
1645 W. JACKSON BLVD, SUITE 500
CHICAGO, IL 60612

Affix fee here in stamps or meter postage and post mark. Inquire of Postmaster fee.

One piece of ordinary mail addressed to:

Mr. Eugene A. Dimonte, Reg Agent
Vanek, Inc
216 West Higgins Road
Park Ridge, IL  60068

PS Form 3817. Mar. 1989    *U.S. GPO:1991-312-605/51430





# EXHIBIT B

Case 1:07-cv-06496  Document 10  Filed 03/07/2008  Page 14 of 20

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO TRUCK DRIVERS, HELPERS AND )
WAREHOUSE UNION (INDEPENDENT) )
PENSION FUND, a Trust, and JACK )
STEWART, its Fund Manager and one of its )
Trustees, )
                                                                ) Case No. 07 C 6496
                    Plaintiffs, ) Judge Nordberg
                                                                )
     v. )
                                                                )
VANEK, INC., an Illinois Corporation, )
                                                               )
                    Defendant. )

State of Illinois    )
                        ) SS:
County of Cook  )

## DECLARATION OF M. GARRETT HOHIMER

I, M. Garrett Hohimer, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1. I am an attorney and an Associate in the law firm of Jacobs, Burns, Orlove, Stanton & Hernandez ("JBOSH"). I received my Juris Doctorate degree from the University of Notre Dame Law School in 2006. I am licensed to practice law in Illinois (2007), and the Northern District of Illinois (2007). I concentrate in the areas of ERISA, union representation, and employment law, including the representation of employee benefit funds in ERISA actions. I have personal knowledge of the facts set forth in this declaration and am competent to testify if necessary.

2. Thomas J. Angell is an attorney with the law firm Jacobs, Burns, Orlove, Stanton & Hernandez ("JBOSH"), located at 122 S. Michigan Avenue, Suite 1720, Chicago, Illinois. He has been a partner since January 2001, and previously an associate from 1991.

3. Thomas J. Angell received his Juris Doctorate degree and his Masters of Law in

1

taxation from the John Marshall Law School in 1978 and 1987, respectively. He was admitted to the Illinois bar in 1978, and has practiced law continuously since that time. Thomas is also admitted to practice before the United States Court of Appeals for the Sixth Circuit, the United States Court of Appeals for the Seventh Circuit, and the United States District Court for the Northern District of Illinois.

4. At JBOSH Thomas J. Angell's work involves the representation of Funds in withdrawal liability and other ERISA actions before the United States District Court, Bankruptcy Court, and in arbitration; and drafting plan documents and summary plan descriptions for various ERISA funds

5. I, M. Garrett Hohimer, have reviewed my firm's billing records on this matter and have determined that all of the work in connection with this case has been performed by Thomas J. Angell and me.

6. The work performed by Thomas J. Angell includes: telephone conferences with the client, drafting and reviewing correspondence, reviewing records, reviewing filings in this case, drafting, revising, and filing the complaint, and miscellaneous meetings and discussions about this case with attorney M. Garrett Hohimer and the client. Thomas J. Angell performed a total of 4.5 hours of work on this matter at the rate of $300 per hour, which is reasonable in light of his experience, the prevailing market rate for attorneys of similar experience, and the results obtained.

7. I performed work including: drafting, revising, and filing the Motion for Default and Default Judgment and the supporting Exhibits, drafting and reviewing correspondence, reviewing records, reviewing filings in this case, miscellaneous meetings and discussions about this case with attorney Thomas J. Angell and the client. I have performed a total of 8.8 hours of work on this matter at the rate of $250 per hour, which is reasonable in light of my experience, the prevailing market rate for attorneys of similar experience, and the results obtained.

7. Plaintiffs have also incurred costs totaling $411.40 in connection with this matter. These costs include $350.00 in filing fees, a $60.00 fee incurred for service of process, and $1.40 for photocopying.

8. The above fees and costs, totaling $3,961.40, were all necessary and are reasonable in amount.

Executed on March 7, 2008.

_____
M. Garrett Hohimer

Subscribed and sworn to before me
this 7 day of March, 2007.


_____
NOTARY PUBLIC

MARISEL A. HERNANDEZ
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
April 03, 2011

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO TRUCK DRIVERS, HELPERS AND )
WAREHOUSE UNION (INDEPENDENT) )
PENSION FUND, a Trust, and JACK )
STEWART, its Fund Manager and one of its )
Trustees, )
                                                   ) Case No. 07 C 6496
           Plaintiffs, ) Judge Nordberg
                                                   )
v. )
                                                   )
VANEK, INC., an Illinois Corporation, )
           Defendant. )

## ORDER

This matter having come before the Court on Plaintiffs' Motion for Judgment by Default, and the Court having jurisdiction of the parties and the subject matter, and having been fully advised of the premises and that Defendant has been properly served with process but failed to appear, answer, or otherwise defend this cause in any way, it is hereby ordered as follows:

1. That Plaintiff's Motion is granted and that Defendant is in default;

2. That a JUDGMENT be entered in favor of Plaintiff Jack Stewart, Fund Manager, on behalf of the Chicago Truck Drivers, Helpers and Warehouse Union (Independent) Pension Fund, and against Defendant Vanek, Inc. ("Vanek"), in the amount of:

    (a) $41,227.24 in withdrawal liability principal due;

    (b) $783.07 in interest through March 12, 2008

    (c) $8,245.45 in statutory liquidated damages provided by ERISA § 502(g)(2)(C)(ii);

    (d) $3,961.40 in attorneys fees and costs;

3. Defendants are enjoined from failing to make interim withdrawal liability payments on a quarterly basis;

4. That Plaintiffs are awarded execution for the collection of the judgment, fees and costs granted; and

5. That the Court retains jurisdiction of this cause to enforce this Order.

ENTERED: _____        _____
                                       UNITED STATES DISTRICT JUDGE

2