IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE UNION (INDEPENDENT) PENSION FUND, a Trust, and JACK STEWART, its Fund Manager and one of its Trustees | ) ) ) ) ) | |
| | ) | No. 07 C 6496 |
| Plaintiff, | ) | |
| v. | ) ) ) | Judge Gottschall |
| | ) | Magistrate Judge Denlow |
| VANEK, INC., an Illinois Corporation, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT**

NOW COMES the Defendant, VANEK, INC., and for its Memorandum In Response to Plaintiff's Motion To Amend Judgment states as follows:

FACTS

Plaintiff claims in its Motion To Amend that Paragraph 3 of the Court's April 23, 2008 judgment, which enjoins Defendant from making interim withdrawal liability payments, is superfluous and should be stricken. This is untrue for the reasons specified below. Plaintiff filed its Motion To Amend only after the undersigned counsel objected to the issuance of any Citations To Discover Assets because Defendant was and is current in making its interim liability payments to Plaintiff. After the undersigned informed Plaintiff's counsel that the Citations were unnecessary, Plaintiff then filed its Motion To Amend the Judgment and make any modification *nunc pro tunc*. Plaintiff sought this relief in its Complaint as well as in its Motion For Default Judgment. It is not superfluous and, even if it were, Plaintiff fails to provide any authority to now amend the Judgment under which Defendant has complied.

Plaintiff specifically requested in its Prayer For Relief of the Complaint on page 4 at paragraph (e) "An order compelling Defendant to make interim withdrawal liability payments in accordance with the PENSION FUND's notice and demand for payment" [Doc. 1]. In accordance with its request for an order compelling Defendant to make interim withdrawal liability payments, Plaintiff likewise requested in the relief prayed for in paragraph (e) of its Motion For Default and Default Judgment the Court enter "An order compelling Defendant to make interim withdrawal liability payments in accordance with the Pension Fund's notice and demand for payment" [Doc. 10].

Defendant has complied with Plaintiff's request and this Court's subsequent Order to make interim withdrawal liability payments. Plaintiff has accepted Defendant's interim withdrawal liability payments without objection.

Defendant has paid and is current in making interim withdrawal liability payments to the Pension Fund on a quarterly basis. The last payment made was on August 27, 2008, which represents Vanek's installment due on September 1, 2008, in the amount of $2,860.00. See attached Exhibit 1: Declaration of Michael Vanek at ¶3.

Vanek, Inc. made the following payments to the Pension Fund on the dates indicated below:

    (a)    Check No. 3758, dated 2/28/07 in the amount of $2,860.00
    (b)    Check No. 3788 dated 10/19/07 in the amount of $2,944.36
    (c)    Check No. 3794 dated 11/29/07 in the amount of $2,860.00
    (d)    Check No. 3809 dated 3/13/08 in the amount of $2,860.00
    (e)    Check No. 3810 dated 3/25/08 in the amount of $2,860.00
    (f)    Money Order dated 5/28/08 in the amount of $2,860.00
    (g)    Money Order dated 8/27/08 in the amount of $2,860.00

Exhibit 1 at ¶4 and Group Exhibit A attached thereto.

Pension Fund Representative McKendrick accepted the most recent payment Vanek, Inc., made on August 27, 2008 in the amount of $2,860.00 as evidenced by the receipt he provided to Vanek, Inc. which is attached as Exhibit B to Exhibit 1.

## ARGUMENT

Plaintiff utterly fails to state any authority or, for that matter, any specific rule that allows the Court to amend the Judgment which was entered upon the request of Plaintiff as set forth in its Motion For Default and in its underlying Complaint. In fact, Plaintiff's request to make any such amendment *nunc pro tunc* contravenes Seventh Circuit precedent.

Under Seventh Circuit precedent, district courts have inherent authority to issue *nunc pro tunc* orders "to show what was actually done, but not properly or adequately recorded." LeBeau v. Taco Bell, Inc., 892 F.2d 605, 609 n. 3 (7th Cir.1989); United States v. Taylor, 841 F.2d 1300, 1308 (7th Cir.) ("A court may issue a nunc pro tunc order to correct the record so that it reflects what was actually done but never recorded due to clerical inadvertence."), cert. denied, 487 U.S. 1236, 108 S.Ct. 2904, 2905, 101 L.Ed.2d 937 (1988). Thus, a *nunc pro tunc* order is typically used to correct clerical or ministerial errors or a failure of the court to reduce to judgment what it stated orally or in an opinion. See LeBeau, 892 F.2d at 609 (making explicit that dismissal was with prejudice); *Local 1545, United Mine Workers v. Inland Steel Coal Co.*, 876 F.2d 1288, 1292 n. 4 (7th Cir.1989) ("the *nunc pro tunc* order is a correction of a clerical error"); see also Transamerica Ins. Co. v. South, 975 F.2d 321, 325 (7th Cir.1992).

There is no clerical error which needs to be corrected. Paragraph 3 of the April 23, 2008 Order was entered as a direct result of the Plaintiff's request and in accordance with the

Complaint filed by Plaintiff and the draft Order submitted by Plaintiff as Exhibit C to its Motion For Default. Thus, Plaintiff's Motion should be denied.

Plaintiff's Motion should not only be denied based upon the foregoing Seventh Circuit precedent but Plaintiff has also waived any right to accelerate payment, which Defendant denies exists in light of Plaintiff's prior pleadings and the parties' course of conduct. "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). In seeking an order compelling Defendant to make interim withdrawal liability payments in its Complaint and in its Motion For Default coupled with Defendant's interim withdrawal liability payments and Plaintiff's acceptance thereof, Plaintiff cannot now complain that this Paragraph 3 of the April 23, 2008 Order is superfluous.

Allowance of Plaintiff's Motion To Amend would also result in a judgment that is not final because Plaintiff's request for Defendant to make interim liability payments, which was made in the Complaint, would remain outstanding. An order is not final "where assessment of damages or awarding of other relief remains to be resolved...." Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976). As a result, Plaintiff's Motion To Amend should be denied..

Defendant has proceeded and cooperated in good faith and made interim withdrawal liability payments as ordered on April 23, 2008. However, Plaintiff has unreasonably and vexatiously multiplied these proceedings by issuing Citations To Discover Assets to Vanek, Inc. and to Vanek Bros. Trucking, Inc. and by filing its Motions For Rule To Show Cause [Docs. 18, 29 and 33] and Motion To Amend [Doc. 21] without citing authority to any specific rule of civil procedure. Plaintiff also unreasonably and vexatiously multiplied these proceedings by seeking an order *nunc pro tunc* in its Motion To Amend without citing any authority and by making this

request in light of Seventh Circuit precedent which warrants denial of Plaintiff's request for a *nunc pro tunc* order. "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Defendant has complied with the April 23, 2008 Order in making interim withdrawal liability payments and should be reimbursed for the fees that Plaintiff's counsel caused Defendant to incur. As a result, Defendant requests this Honorable Court to award it attorneys fees under 28 U.S.C. §1927.

       WHEREFORE, Defendant prays that this Honorable Court:

A.    Deny Plaintiff's Motion to Amend,

B.    Quash any and all Citations To Discover Assets issued by Plaintiff including but not limited to the Citations issued for service upon Defendant, Vanek, Inc., and Vanek Bros. Trucking Co;

C.    Award Defendant its attorneys fees and costs under 28 U.S.C. §1927, and

D.    Award Defendant such other relief deemed just and equitable.

                                    Respectfully submitted,

                                    VANEK, INC.

                                    BY:    /s/ Joseph P. Berglund

Joseph P. Berglund
BERGLUND & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-2229
630-990-0234
J:\C-DRIVE\WPDocs\vanek\CTDU\response2Mot2AmendJDGMT